**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ORIGINAL REX, L.L.C., an Oklahoma Limited Liability Company, <br><br> PLAINTIFF, <br><br> vs. <br><br> BEAUTIFUL BRANDS INTERNATIONAL, LLC; REX'S FRANCHISE SYSTEMS, LLC; BERRY CHIC-A-LO, LLC; BIG REX, LLC, and CONEY BEACH, INC., <br><br> DEFENDANTS. | CASE NO. 10-CV-424-GKF-FHM |

## OPINION AND ORDER

Defendants' Combined Motion to Quash Subpoena Duces Tecum and Deposition Subpoena [Dkt. 37] is before the Court for decision. Plaintiff has filed a response. [Dkt. 70]. No reply was filed. A hearing was held on April 12, 2011.

Defendants seek to quash two subpoenas issued by Plaintiff. One seeks the deposition of Defendants' attorney, Robert B. Sartin. The other seeks production of all of the Defendants' law firm's documents regarding the trademark at issue in this case.

Defendants contend the subpoenas invade the Defendants' attorney-client privilege and work product protection. Plaintiff responds that Defendants waived the attorney-client privilege and work product protection by placing the advice of counsel at issue in the case or alternatively, by testifying about attorney-client communications at deposition and disclosing protected information in an interrogatory response.

## Discussion

### Advice of Counsel At Issue

Waiver of the attorney-client privilege occurs when a party places advice of counsel at issue. *See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699-701 (10th Cir. 1998) (discussing approaches to waiver of privilege). Thus, a party cannot claim it relied on the advice of its counsel and at the same time claim a privilege to prevent discovery regarding that advice.

Plaintiff contends that Defendants have placed the "advice of counsel" at issue in the case when they disclosed their attorney's investigative efforts and attorney-client communications  Defendants have, however, represented that they will not rely on advice of counsel or the fact that they sought the advice of counsel in any aspect of this case. Further, Defendants are not seeking to use the discovery responses for any purpose in the case. The Court finds that Defendants' responses to Plaintiff's discovery does not constitute an affirmative assertion of advice of counsel by Defendants and that Defendants have not placed advice of counsel at issue in the case.

### Voluntary Disclosure as Waiver

The attorney-client and work product privileges may also be waived through disclosure of protected information. *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184 (10th Cir. 2010) (Because confidentiality is the key to maintaining the attorney-client privilege, a party waives the privilege when he voluntarily discloses to a third party material or information that he later claims is protected).

In response to Plaintiff's Interrogatory No. 1, Defendants gave a detailed description of their attorney's efforts in investigating the prior use of the trademark at

issue in this case.  At deposition, a representative of Defendants testified that he asked his attorney if Defendants could use the trademark and his attorney told him Defendants could use the trademark.  Plaintiff contends that by disclosing communications between Defendants and their attorney regarding use of the trademark and by detailing the attorney's investigation of the prior use of the trademark, Defendants have waived the attorney-client privilege and work product protection.  Defendants respond that they "have not waived any privilege or protection nor have they disclosed any otherwise privileged or protected information." [Dkt. 37, p. 5].

Defendants' position is not supported by the facts or the law.  The witness's deposition testimony revealed privileged attorney-client communications and the interrogatory response disclosed the work of Defendant's attorney.  The Court finds that Defendants' actions clearly waived the attorney-client privilege and any work product protection that applied to the attorney's investigation.

Having found a waiver has occurred, the Court must determine, based on Defendants' disclosures, the scope of the waiver and the extent discovery into these areas will be permitted in view of the needs of this case. Fed.R.Civ.P. 26(b)(2)(c).

In light of Defendants' representation that they will not rely on "advice of counsel" or assert that they sought the "advice of counsel" in any aspect of this case, the advice of counsel will not be at issue and therefore extensive discovery on the subject would be wasteful.  However, in light of Defendants' disclosures, some discovery of the matters disclosed is appropriate to test the truth of those disclosures.  Based on these considerations, the Court concludes that the scope of the waiver should be limited to

3

the attorney-client communications disclosed during the witness's deposition and counsel's investigation disclosed in the interrogatory response.

**Conclusion**

Defendants' Combined Motion to Quash Subpoena Duces Tecum and Deposition Subpoena [Dkt. 37] is GRANTED in part and DENIED in part. The Motion is GRANTED to the extent Plaintiff seeks discovery of testimony or documents beyond the scope of the waiver set forth herein; in all other respects, Defendants' Motion is DENIED.

SO ORDERED this 19th day of April, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE